## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## BENTON DIVISION

| | |
|---|---|
| **AMBER LYNN SIMMONS A/K/A A. PARKER WILLIAMS,** | ) ) ) |
| Plaintiff, | ) Case: 3:23-cv-00806 ) ) |
| v. | ) ) |
| **CONTINENTAL TIRE THE AMERICAS, LLC,** | ) Jury Trial Demanded ) ) |
| Defendant. | ) |

## COMPLAINT

**NOW COMES** Plaintiff, Amber Lynn Simmons a/k/a A. Parker Williams ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against Continental Tire the Americas, LLC ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") for Defendant's sexual harassment based discrimination against Plaintiff and retaliation against Plaintiff in violation of Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Southern District of Illinois, Benton Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's

claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Notification of the Right to Sue was received from the EEOC on or about February 14, 2023 (Attached hereto as Exhibit "B").

7. This Complaint has been filed within the 90 days of receipt of the EEOC's Dismissal and Notice of the Right to Sue.

## PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff resided in Washington County in the State of Illinois.

9. At all times material to the allegations in this Complaint, Defendant was a corporation doing business in and for Jefferson County, whose address is 11525 North, Illinois Highway 142, Mt. Vernon, Illinois 62864.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as an Inspector II from December 2021 through October 18, 2022.

13. Since at least March 2022, Defendant subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has been subjected to a hostile work environment on the basis of sex (transgender), violating Title VII.

14. Plaintiff is transgender and is a member of a protected class because of his sex, whom Defendant subjected to different terms and conditions of employment than others not within his protected class.

15. Plaintiff was unlawfully terminated because of his sex/sexual orientation on October 18, 2022.

16. Plaintiff was retaliated against and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

17. In March 2022, Plaintiff began receiving harassing comments about being transgender from coworkers. The comments were constant and pervasive throughout the workforce.

18. Subsequently, Plaintiff complained to a manager about the constant comments. Plaintiff was transferred to a different shift.

19. Despite being transferred to a different shift, Supervisor Kendel began tormenting Plaintiff for being transgender. Plaintiff had no choice but to make a complaint about Kendel's conduct.

20. Consequently, Plaintiff began receiving threatening, transphobic text messages from coworkers. One such message read: "I fucking already warned you once about telling on

Kendel. You're going to get your ass beat fucking girl. We all know you [sic] name is Amber. Watch your fucking back closely. Your [sic] a target on this shift. Bitch your [sic] gonna see what it's like fighting a man. Run your mouth some more to HR and see that the fuck happens to you."

21. These threatening messages continued, terrifying Plaintiff for his own well-being.

22. On August 16, 2022, Plaintiff's car was damaged. Upon information and belief, one of the employees sending these harassing messages damaged Plaintiff's car.

23. Despite Plaintiff's repeated pleas to management and human resources, no action further action was taken to prevent the discrimination and harassment.

24. On October 18, 2022, Defendant terminated Plaintiff's employment in retaliation for his complaints to human resources.

## COUNT I
### Sex-Based Harassment in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

25. Plaintiff repeats and re-alleges paragraphs 1-24 as if fully stated herein.

26. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his sex, transgender, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

27. Defendant knew or should have known of the harassment.

28. The sexual harassment was severe or pervasive.

29. The sexual harassment was offensive subjectively and objectively.

30. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

31. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and

continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Retaliation in Violation of 42 U.S.C. § 2000e, et seq.

32. Plaintiff repeats and re-alleges paragraphs 1-24 as if fully stated herein.

33. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

34. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful sex discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

35. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex discrimination.

36. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

37. By virtue of the foregoing, Defendant retaliated against Plaintiff based on his reporting the sex-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

38. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

39. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## COUNT III
**Demand for Relief for Sex-Based Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.**

40. Plaintiff repeats and re-alleges paragraphs 1-24 as if fully stated herein.

41. By virtue of the conduct alleged herein, Defendant discriminated against, harassed, and subjected Plaintiff to a hostile work environment based on their sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

42. Defendant's severe and pervasive conduct toward Plaintiff was objectively and subjectively offensive, in violation of Title VII of the Civil Rights Act of 1964.

43. As a direct and proximate result of the above-alleged willful and reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

44. At all relevant times, Defendant was aware of the aforementioned sex-based harassment and hostile work environment, yet Defendant took no action to remedy the unlawful sex-based harassment and hostile work environment.

45. Because of Defendant's harassment, Plaintiff has suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Pre-judgment and post-judgment interest;

  f.  Injunctive relief;

  g.  Liquidated damages;

  h.  Punitive damages;

  i.  Reasonable attorney's fees and costs; and

  j.  For any other relief this Court may deem just and equitable.

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 8th day of March, 2023.

               /s/ *Alexander J. Taylor*
               **Alexander J. Taylor, Esq.**
               SULAIMAN LAW GROUP LTD.
               2500 S. Highland Avenue, Suite 200
               Lombard, Illinois 60148
               Phone (331) 272-1942
               Fax (630) 575 - 8188
               E-mail: ataylor@sulaimanlaw.com
               *Attorney for Plaintiff*